**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3838-22

STEVEN BAGLIVO,

     Plaintiff-Respondent,

v.

KIMBERLY A. BAGLIVO,

     Defendant-Appellant.

_____

Submitted December 11, 2024 – Decided March 18, 2025

Before Judges Currier and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Atlantic County, Docket No. FM-01-0938-08.

Rigden Lieberman & Mignogna, PA, attorneys for appellant (Ronald G. Lieberman, on the briefs).

Mark Biel, PA, attorney for respondent (Mark Biel, on the brief).

PER CURIAM

Following a remand for a plenary hearing in this matrimonial matter, defendant Kimberly A. Baglivo appeals from the Family Part's June 28, 2023 order denying her motion to re-open the parties' Final Judgment of Divorce (FJOD) under Rule 4:50-1. Essentially, defendant contended her former husband, plaintiff Steven Baglivo had not disclosed all of his financial assets subject to equitable distribution during the divorce proceedings. After a three-day plenary hearing, the trial court found defendant did not present sufficient evidence to prove plaintiff had concealed assets to warrant a reopening of the FJOD. We affirm.

Plaintiff filed a complaint for divorce in 2008. After extensive discovery, the parties proceeded to mediation represented by counsel and with the attendance of several forensic accountants. In 2012, the parties entered a FJOD and Property Settlement Agreement (PSA).

Six years later, defendant moved to vacate the equitable distribution provision of the PSA. The court permitted discovery and both parties were deposed. On July 31, 2020, the trial court granted plaintiff's motion to dismiss the application to vacate the FJOD and set aside the PSA.

On appeal, we reversed the trial court's order and remanded for a plenary hearing. Baglivo v. Baglivo, No. A-0124-20 (Oct. 7, 2021).

A-3838-22

Judge Benjamin Podolnick conducted a hearing over three days in April and May 2023. Plaintiff testified extensively over the course of two days detailing the questioned business dealings and transactions. He answered questions about his ownership in various companies, tax returns, documents disclosed in discovery, bank statements, litigation in which he was involved, and a bankruptcy proceeding. Defendant also testified and called one of plaintiff's prior business associates, now a "litigation adversary," as her witness.

On June 28, 2023, Judge Podolnick issued a comprehensive, well-reasoned written opinion and order denying defendant's application to reopen the FJOD. The judge recounted the witnesses' testimony and noted the "significant discovery" exchanged prior to mediation including "an exchange of personal and business tax returns, profit and loss statements, bank statements and Quickbooks." The judge found "[d]efendant, her attorneys and [her] forensic experts had ample time and opportunity to review and analyze the[] documents." The judge also noted the parties "engage[d] in substantial negotiations post mediation during which plaintiff acquiesced to many of defendant's significant material demands."

Judge Podolnick explained defendant sought to reopen the FJOD based on information she learned from a deposition transcript taken in a litigation in

3

Florida involving plaintiff and his former business partner. In addition, defendant asserted she had seen an entry on plaintiff's comptroller's work computer screen in 2007 showing a sum of $4.2 million in an account. The judge noted defendant was working at plaintiff's company at the time, and this event occurred before the divorce complaint was filed. Therefore, the judge stated, "[defendant] knew about this all along and whether or not she chose to fully investigate it rests on her, her attorneys, forensic accountants[,] and not . . . plaintiff."

Judge Podolnick found plaintiff was "generally a credible witness," although he avoided difficult questions and repeated questions aloud to give himself more time to respond instead of giving "a more organic response." Nevertheless, plaintiff provided complete answers, was logical, made appropriate eye contact, did not "embellish his version of events and even recognized those areas in which he was vulnerable." The judge found him "believable," and that he credibly discussed "the most significant areas of contention."

In considering defendant's testimony, the judge described it as "short and surprisingly truncated." He stated defendant acknowledged the "substantial discovery" exchanged prior to mediation and that she "continued to negotiate

4

the terms of the PSA after mediation concluded," including "additional terms that were in her favor." The judge found defendant generally credible.

The judge found plaintiff's former business partner was "not a credible witness," as he "[c]learly . . . harbors an anger, if not hatred, towards plaintiff stemming from their business dispute and the ensuing litigation." The judge expressed his suspicion that the former business partner sent defendant the transcript from the Florida litigation.

After citing to Rule 4:50-1 and the applicable case law, Judge Podolnick stated:

> During the matrimonial litigation, the parties engaged the services of forensic accountants due to the complexity of plaintiff's business dealings and monetary transactions. Clearly, both the parties needed to untangle the layers of business dealings in which plaintiff engaged among the companies he owned in full or in part, or simply had a business relationship with at the time. Defendant now comes to this court, without the benefit of any expert testimony, and asks this court to somehow unwind the various money trails and transaction history. The court would have greatly benefitted from the testimony of a forensic accountant to help trace defendant's allegations rather than just accept her unsupported conclusions. Rather, defendant has left the court to nothing but supposition, inuendo and speculation when it comes to her claim that plaintiff hid money from her.

5

Lacking any proofs, the judge found defendant had not met her burden to establish there was a concealment of assets requiring a reopening of the FJOD.

Judge Podolnick also reviewed the recording of the colloquy of the parties when they placed the PSA on the record on February 29, 2012, and found defendant's testimony in 2012 contradicted her testimony during the remand hearing. During the 2012 colloquy, defendant stated the PSA was fair and reasonable, she read the PSA and entered into it voluntarily, the PSA was the culmination of a year and a half of negotiations and mediation sessions, and she was satisfied with her counsel's representation. The change in testimony caused the judge to question defendant's veracity.

Judge Podolnick found defendant had not provided evidence of fraud, nor that plaintiff used personal funds or commingled funds. In addition, the judge found defendant had not demonstrated plaintiff hid any bank accounts or assets during the matrimonial litigation. Because defendant failed to meet her burden of proof under Rule 4:50 to re-open the divorce proceedings, the judge denied the application. The judge also denied plaintiff's request for attorney's fees.

On appeal, defendant reiterates she did not receive an equitable share of the marital assets because plaintiff did not disclose certain financial information regarding his business dealings.

A-3838-22

We review a trial court's decision on a motion to vacate a final judgment under Rule 4:50-1 for an abuse of discretion. US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). We will only reverse a trial court's decision if it was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

A trial court's factual findings "are binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). Since a trial court "hears the case, sees and observes the witnesses, [and] hears them testify, it has a better perspective than a reviewing court in evaluating the veracity of witnesses." Ibid. (alteration in original) (quoting Pascale v. Pascale, 113 N.J. 20, 33 (1988)) (internal quotation marks omitted).

We affirm substantially for the reasons expressed by Judge Podolnick in his careful written opinion. The judge set forth his factual findings and credibility determinations in substantial detail and incorporated those findings in his application of the correct legal standard. We add only the following brief comments.

A-3838-22

"[F]air agreements arrived at by mutual consent 'should not be unnecessarily or lightly disturbed.'" Edgerton v. Edgerton, 203 N.J. Super. 160, 171 (App. Div. 1985) (quoting Smith v. Smith, 72 N.J. 350, 358 (1977)). Rule 4:50-1(f) authorizes a court to grant relief from a final judgment for "any other reason justifying relief from the operation of the judgment or order." Courts have applied that standard to allow the modification of a PSA "where there is a showing of inequity and unfairness" or "fraud or misconduct by a spouse in failing to disclose the true worth of his or her assets." Rosen v. Rosen, 225 N.J. Super. 33, 36-37 (App. Div. 1988). "[E]ach case must be resolved on its own particular facts." Baumann v. Marinaro, 95 N.J. 380, 395 (1984). However, the Supreme Court has cautioned that relief under Rule 4:50-1 should only be granted "sparingly." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 289 (1994).

We see no reason to disturb Judge Podolnick's determination that defendant has not proved any fraud or misconduct to reopen the FJOD. Defendant acknowledges she had full access to plaintiff's financial documents through the extensive discovery that took place prior to and after mediation. Defendant was assisted by several forensic accounting experts and counsel. After our remand for a plenary hearing, defendant did not produce any further

evidence or expert opinion to warrant reopening the FJOD. Defendant has not demonstrated Judge Podolnick's decision was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Flagg, 171 N.J. at 571 (quoting Achacoso-Sanchez, 779 F.2d at 1265).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3838-22